Finnerty, J.
The appellant, Bridgewater State Hospital (“BSH” or “hospital”), appeals from the denial of its motion to amend a petition under G.L.c. 123, §16(c) to one under G.L.c. 123, §§7 and 8 upon the dismissal of the criminal charges for which the appellee, E.C., had been held at BSH, and from the subsequent denial of its motion for reconsideration. For the reasons set forth herein, we hold that the dismissal of the criminal charges prior to hearing on the §16(c) petition terminated BSH’s authority to detain E.C. and to go forward on that petition. We also hold that amendment of the petition to one under G.L.c. 123, §§7 and 8 was not permitted, and the motion seeking to do so was properly denied.
General Laws c. 123, §16 sets forth procedures for the hospitalization of persons incompetent to stand trial or not guilty by reason of mental illness. A court having jurisdiction over a criminal case may order a defendant hospitalized for observation and examination for a limited period.[1] During that observation period (or within 60 days of a finding of incompetence), a petition for commitment of a defendant believed to be incompetent may be filed. The petition for commitment of an untried defendant “shall be heard only if the defendant is found incompetent to stand trial, or if the criminal charges are dismissed after commitment.” G.L.c. 123, §16(b). After the commitment under §16(b) expires, a person may be committed under §16(c) for additional one-year periods, “but no untried defendant shall be so committed unless in addition to the findings required by sections seven and eight the court also finds said defendant is incompetent to stand trial.” G.L.c. 123, §16(c).
E.C. was charged in the Dorchester Division of the Boston Municipal Court Department with the criminal offense of malicious destruction of property over $250 in violation of G.L.c. 266, §127. The Dorchester court, after hearing, ordered E.C. committed to BSH pursuant to G.L.C. 123, §15 (b) to evaluate his competence to stand trial and his criminal responsibility. On August 7, 2012, the Dorchester court, based on the 15(b) report, found E.C. not competent to stand trial and allowed a petition filed under G.L.c. 123, §16 (a) for commitment to BSH pending proceedings *231 under §16(b). E.C. was found not competent to stand trial and was committed by the Dorchester court for six months on the 16(b) petition.[2] The record does not specify the date of the §16(b) commitment, as the criminal docket reflects only that on September 5, 2012, the Dorchester court was informed that because of a petition to commit, E.C. would not be brought to the court as scheduled on September 6,2012.[3]
On March 4, 2013, concurrently with or prior to the expiration of the 16(b) commitment, BSH filed a petition for further commitment under §16(c). The Dorchester court dismissed the criminal case against E.C. on March 7, 2013, prior to the hearing on the §16 (c) petition, but after the expiration of the initial six-month commitment under §16(b). About one week later, on March 14,2013, having learned of the dismissal of the criminal case, BSH moved to amend its §16(c) petition to a petition under G.L.c. 123, §§7 and 8. On March 20, 2013, that motion was denied, and the court ruled that upon the dismissal of the criminal case, BSH had no authority to detain E.C., and held further that the separately filed and pending petition under §§7 and 8 (not then before the court) could not operate to detain him, as E.C. was no longer a patient of BSH.[4] The court therefore ordered E.C. to be released.
The first question is whether the dismissal of the criminal case terminated BSH’s authority to proceed undér G.L.c. 123, §16 (c). We answer that question, yes. Section *232 16(c) provides that “no untried defendant shall be so committed unless in addition to the findings required by sections seven and eight the court also finds said defendant is incompetent to stand trial.” The issue of E.C.’s competence was no longer before the court once the criminal case was dismissed. Section 16(b) provides for a six-month commitment of an untried defendant who has been found incompetent or if the charges are dismissed after his commitment. The plain reading of that section is that the dismissal of the charges does not end the initial § 16(b) commitment. In contrast, §16(c) does not contain any reference to dismissal of the charges. It provides for year-to-year commitments as to an untried defendant only if the defendant is found incompetent to stand trial. It does also provide that if the defendant is not found incompetent, he shall be returned to the court with jurisdiction of the criminal charge for the resumption of the criminal proceedings. §16 (c). Section 16 (f) also contains language suggesting that for untried defendants, pendency of criminal charges is a prerequisite to continued detention under §16.[5] BSH argues that because G.L.c. 123, §18 (c) has specific language that requires a petition for civil commitment of an involuntarily hospitalized person be filed “prior to the date of expiration” of the commitment under §§18(a) or 18(b), and §16(c) lacks that language, we should conclude that the Legislature intended that the §§7 and 8 petition could be filed notwithstanding the expiration of E.C.’s §16(b) commitment. That argument ignores the fact that §16, as it relates to E.C., deals with an untried defendant who has been found incompetent to stand trial as opposed to a hospitalization under §18, which does not relate at all to persons found incompetent to stand trial or persons found not guilty after trial by reason of mental illness or mental defect.[6]
We therefore hold that as to an untried defendant, such as E.C., the appellee here, the pendency of criminal charges is a prerequisite to commitment proceedings under §16 (c). BSH appeared to recognize that prerequisite, as it moved to amend its petition once §16 was no longer available to BSH. However, once the authority to detain E.C. expired at the end of the §16(b) commitment, he was no longer a patient of BSH and, as such, he was not subject to a petition under §§7 and 8. See Matter of C.B., 2013 Mass. App. Div. 42, 43. BSH’s argument suggesting that the criminal court undoubtedly expected that E.C. would remain at BSH pending hearing on the §16(c) petition has no support in the record. No explanation appears as to why the court ordered dismissal of the charges, which was done on motion of counsel for E.C. over the objection of the Commonwealth, and there is nothing to allow the inference suggested by the appellant.
BSH also argues that logistics, the number of trips from the facility to various courts, and the lack of communication between the court with jurisdiction of the *233 criminal case and the facility are reasons why the course of action proposed by BSH should have been allowed. Those issues, while legitimate concerns, are not relevant to the statutory interpretation BSH concedes is required here. Also not convincing is BSH’s argument that since the civil commitment provisions of §§7 and 8 provide procedural and substantive due process similar to the due process to which E.C. was entitled under §16, it makes no difference under which section BSH petitions. The statutory framework, particularly in a case where the liberty of the defendant is to be determined, cannot be ignored and the procedures provided must be followed.
The judgment of the court is affirmed.

 Pursuant to G.L.c. 123, §16(a), the period of observation and examination is forty days, but no combined period of hospitalization under §§15(b) and 16(a) shall exceed fifty days total.

 Jurisdiction of the petition for commitment under §16(b) lies with the court having jurisdiction of the criminal charge, whereas jurisdiction of the commitment petition under §16(c) lies with the court having jurisdiction over the hospital or facility. See Appendix A to District Court Standards of Judicial Practice: Civil Commitment and Authorization of Medical Treatment for Mental Illness (2011). Pursuant to G.L.c. 218, §43A, the Brockton Division of the District Court Department, sitting at Bridgewater State Hospital, is authorized to sit as the division of the District Court Department or the Boston Municipal Court Department having jurisdiction of the criminal case. It is apparent from the docket entries in the criminal case that the §16(b) hearing took place at BSH.

 The docket entry was based on a telephone call from BSH to the Dorchester court clerk that E.C. was found incompetent and that a petition to commit civilly was enclosed, so B. C. would not be brought to court as scheduled on September 6,2012. Presumably, the §16(b) six-month commitment had begun by then or BSH would have returned E.C. to the Dorchester court on the mittimus that had been issued at his prior appearance in the criminal case. From September 5,2012 to March 4, 2013 is six months. At the latest, therefore, the §16(b) commitment would have expired on March 4,2014, but the record does not specifically provide when the §16(b) commitment began, so it cannot be stated with certainty the exact date the commitment expired. For our purposes in deciding this appeal, however, such a specific determination is not necessary. It is apparent that the §16(b) commitment had expired prior to BSH’s March 14, 2013 motion to amend.

 The court’s endorsement of the denial of BSH’s motion to amend did not specifically dismiss the separately filed petition; rather, it ruled that the petition could not stand (under the same rationale that an amendment was not permitted) and the pen-dency of the separately filed petition could not support the continued detention of E.C. On April 3, 2013, that separately filed petition was withdrawn by the petitioner.

 Section 16 (0 of G.L.c. 123 provides for the calculation of parole eligibility for persons found incompetent to stand trial and the dismissal of the criminal case at the parole date.

 Section 18 of G.L.c. 123 provides for involuntary hospitalization at a facility or BSH of a pretrial detainee or sentenced inmate if it is determined that such person is in need of hospitalization by reason of mental illness and therefore cannot remain at the place of detention. The person’s competence to stand trial or acquittal by reason of mental illness or mental defect are not issues within the provisions of §18.